In re Marron, 22 N. M. 252.

[No. 1961, September 23, 1916.]
[Rehearing Denied October 16, 1916.]
In re MARRON et al.

SYLLABUS BY THE COURT.

1. An attorney at law, having in his possession a copy or duplicate of an original contract, the contents of which are material to the determination of the issues in a case, who conceals the same, and replies, when called upon by opposing counsel to produce it, that the contract was not in his possession or custody or under his control, when, as a matter of fact, the said contract is at that time where it had been concealed by him, is guilty of unprofessional conduct and subject to a reprimand therefor.

P. 253

2. An attorney at law who offers in evidence on behalf of his client an alleged release as constituting valid and admissible evidence of payment and discharge of the cause of action against his client, and who moves to instruct the jury that said release constitutes a valid and sufficient defense on behalf of his client, when in truth and in fact the said release was not a valid and lawful release, discharge, or satisfaction of the claim, all of which was then well known to the attorney, is guilty of unprofessional conduct in the practice of intentional deceit of the trial court before whom the cause was then pending, and by reason of said conduct is subject to suspension from practice in the courts.

P. 254

3. Attorneys at law, accepting employment from one client and in the course of such relations gaining information adverse to the interests of such client, which, after the termination of such employment, is used to secure the employment of such attorneys by the person in such adverse relations to the former client, are guilty of unprofessional conduct, deserving of suspension from practice before the bar in the courts of this state.

P. 263

4. That attorneys agreed with their client that they should receive one-half of a recovery for libel, and compromised the action for $1,750, of which they paid the client only $450, is not shown to be unprofessional conduct where the attorneys had expended a large amount of labor on the case, and successfully maintained a cause of action in a companion case, and the client refused to allow the case to go to trial and testified that she was entirely satisfied with the settlement made by the attorneys.                    P. 257

5. Evidence held insufficient to show unprofessional conduct of attorneys in attempting to procure additional fee from client in divorce case.                    P. 258

6. Evidence held insufficient to sustain a charge that attorneys extorted an additional fee from a client by threats of criminal proceedings.                    P. 259

7. That attorneys were shown and approved before publication the body of an article is insufficient to show improper conduct where the comments and heading of the article which constituted the objectionable portion misrepresenting the action of a court were not shown to or approved by the attorneys.                    P. 261

Original proceedings for the disbarment of Owen N. Marron and another. Respondents suspended from practice for one year.

FRANK W. CLANCY, Attorney General, for the State.

A. B. RENEHAN and E. R. WRIGHT, both of Santa Fé, for respondents.

## OPINION OF THE COURT.

HANNA, J.—[1] There are nine specifications in the accusation filed against the respondents. The first specification is to the effect that in a certain civil action pending in the district court of Bernalillo county said respondent Francis E. Wood having then and there

in his possession a certain copy or duplicate of an original contract, the contents and purport of which were material to the determination of the issues in said cause, concealed the same beneath a blotter in the office of the clerk of said court and when, afterwards, he was requested by counsel for the opposite party to produce his said copy of said contract, he replied in substance that the contract was not in his possession or custody or under his control, when as a matter of fact the said contract was at that time remaining where it had been concealed beneath a blotter in the office of the clerk of the district court.

It is contended by the respondent Francis E. Wood that this copy of the contract was not material to the issues in said cause, and that therefore his conduct was not subject to criticism. It is urged by the Attorney General, however, that regardless of the materiality of the said document in the trial of the issues in said cause, the conduct of the said respondent Francis E. Wood was reprehensible to the same degree as if the said document was material and necessary to the trial of the issues in said cause. With this contention we fully agree. The conduct of the said respondent in concealing the paper from and deceiving the court and opposite counsel by statements bordering upon, if not amounting actually to falsehood, is certainly unbecoming a member of the legal profession.

The court therefore finds that said Francis E. Wood in the particulars hereinbefore mentioned has been guilty of unprofessional conduct requiring punishment at the hands of the court.

It is, therefore, considered, ordered, and adjudged by the court here that said Francis E. Wood, by reason of his said conduct, is deserving of the reprimand of this court.

[2] The second specification of the accusation is to the effect: That the respondent Francis E. Wood, while engaged as counsel for the defendant in the trial of a certain cause before the district court of Bernalillo county in which Ernest Meyers was plaintiff and the Meyers

Company, Incorporated, was defendant, offered in evidence on behalf of the defendant a certain alleged release, which was in words and figures as follows:

"Albuquerque, New Mexico, Nov. 1st, 1913.

"Whereas, by article 8 of the contract between the Meyers Co., Inc., of Albuquerque, New Mexico, and myself, dated Jany. 1st, 1912, said Company is required to make a certain payment to me in the matter of Alex D. Shaw & Co., of New York, on the happening of certain events therein stated.

"Now, therefore, in consideration of the sum of one dollar and other valuable considerations to me in hand, receipt of which is hereby acknowledged, I hereby release said Meyers Co. from any payment to me of the sum of $501.88 or any part thereof mentioned in said Article 8 as a credit to said Alex D. Shaw & Co.                    Ernest Meyers."

That said respondent Francis E. Wood then and there alleged and pretended to the court that the said release constituted valid and admissible evidence of the payment and discharge of the cause of action upon which the plaintiff had brought suit in said court. That said respondent Francis E. Wood moved and requested the court to instruct the jury that said release constituted a valid and sufficient defense on behalf of the defendant in said cause, and that he thereby caused the district judge then presiding in said cause to so instruct the jury, which jury, under the instructions of the court, returned a verdict finding the issues for the defendant. That in truth and in fact the said alleged release was not a valid and lawful release, discharge, or satisfaction of the said defendant from liability to the said Ernest Meyers, and that the said respondent Francis E. Wood then and there well knew the same.

It appears from the evidence that the said release was procured from the plaintiff Ernest Meyers for the purpose of enabling the firm of Alex D. Shaw & Co. of New York City to recover from the Meyers Company the sum of $501.88 which had been placed with the defendant the Meyers Company by the said Ernest Meyers as security against possible liability upon a merchandise account at that time unsettled and disputed. At the time the said release was introduced in evidence it appears from the

proofs that the said respondent Francis E. Wood was thoroughly familiar with all of the facts and circumstances surrounding the execution and delivery of the said release, and knew that the same had never been delivered to the Meyers Company except for the purposes hereinbefore stated. He also knew at that time that a reassignment of the said claim had been executed by the said Alex D. Shaw & Co. to the said Ernest Meyers, which was intended to supersede and cancel the said alleged release.

In consideration of all the facts and circumstances in regard to this specification, the court finds that the said Francis E. Wood, in so introducing in evidence the said release, was guilty of deliberate and intentional deceit of the district judge before whom the said cause was then being heard, and that his conduct requires punishment.

It is therefore considered, ordered, and adjudged by the court, that said Francis E. Wood, be, and he is hereby, suspended from further practice in the courts of New Mexico as an attorney at law for and during the period of one year from the date hereof.

The third specification in the accusation is to the effect that in a certain cause in the district court of Bernalillo county wherein W. J. Johnson was plaintiff and the New Mexico Fire Brick Company was defendant, the district judge of said court entered a default judgment in favor of the plaintiff, upon the express understanding with the respondent Francis E. Wood, who was attorney for the said plaintiff, that upon application, without any showing of meritorious defense, the said district judge would open said default; that the said district judge shortly thereafter left the state for a vacation; that before leaving the jurisdiction, the said district judge left word with the clerk of the court that he did not desire any other district judge to be called in to hear and determine any application to open the said default which might be filed by the defendant; that thereafter there was filed in said cause a motion by the defendant to vacate the said default judgment; that in the absence of the said district judge, the said respondent Francis E. Wood at-

tempted to call up the said motion before another district judge who was unfamiliar with the facts and circumstances under which the said default was entered, thereby intending to secure an undue advantage over the defendant in said cause and an advantage which he could not take had the presiding district judge been present and heard the said motion.

The proofs offered in regard to this charge entirely fail to establish the fact that the said respondent Francis E. Wood was informed or knew that the said district judge desired personally to hear the motion to vacate the said default. All that can be drawn from the proofs would be a mere inference or suspicion that the said respondent Francis E. Wood desired, in the absence of the presiding judge who knew all of the facts in regard to such default judgment, to present the same to some other judge unfamiliar with the facts, and before whom he might be enabled to secure an undue advantage over the defendant. The court does not feel justified in drawing any such inference or in acting upon any such suspicion. There is no substantial evidence upon which the court could base any judgment against the said respondent Francis E. Wood in the record, and said charge is therefore dismissed.

[4] The fourth specification of the accusation is to the effect that the said respondents Owen N. Marron and Francis E. Wood were the attorneys of one Mrs. A. S. Averyt in a civil action against the Journal Publishing Company of Albuquerque, N. M., for libel, and that the plaintiff agreed with the respondents that they should receive one-half of the amount of any recovery from the defendant; that with the consent of the plaintiff the said cause of action was compromised and settled for the sum of $1,750; that the said respondent Owen N. Marron retained out of the said sum $1,300 and paid the plaintiff the sum of $450; that said retention of the said amount was unconscionable, and that said respondent Owen N. Marron in so doing was guilty of overreaching his client.

It appears from the proof in the case that the plaintiff, after having employed the respondents and having agreed

with them to allow them one-half of all sums recovered in the case, absolutely refused to go further with the trial, stating to them that she could not endure the notoriety of a public trial; that prior to the time when the question arose as to whether the trial should proceed, the respondents had successfully carried to judgment a companion case involving the same facts and questions of law; that there remained to be litigated the sole question of the amount of damages recoverable by the plaintiff against the defendant; that the labor expended by the respondents was large, they having successfully maintained the cause of action both in the district court and in this court upon appeal. The plaintiff testified before us and stated that she was entirely satisfied with the settlement which was made with the respondents; that she knew fully all of the facts when she made the settlement, and was not now complaining of the same.

Under all of the facts and circumstances, it seems perfectly clear that the respondents were guilty in this regard of no unprofessional conduct. We know of no reason why an attorney at law may not make a contract with his client which, under the circumstances, brings him the fair compensation for his services. While it is true there was uncertainty as to the amount which the plaintiff might have recovered in that case, it seems perfectly reasonable to assume that she would in all probability have recovered more than was recovered in the companion case, she being a woman and the plaintiff in the companion case being a man. We find no evidence in the record of overreaching or mistreatment of the plaintiff in that case, and we therefore dismiss the said charge.

[5] The fifth specification under the charges presented is that Marron & Wood, a firm composed of Owen N. Marron and Francis E. Wood, were attorneys and counsel for Anna Machette Edgar in a certain civil action against William Edgar, which was No. 10065 on the civil docket of the district court of the county of Bernalillo, being an action for divorce from the defendant and for the settlement of certain property rights between the parties. It is alleged that in pursuance of an agree-

ment between Owen N. Marron, one of the attorneys for the plaintiff, and Thomas N. Wilkerson, the attorney for the defendant, and the defendant himself, the defendant paid to Owen N. Marron the sum of $500 in full settlement, discharge, and satisfaction for their services rendered and to be rendered to the plaintiff in said cause, but that after receiving the said sum and after the decree of divorce had been entered in said cause, the said Owen N. Marron demanded of said plaintiff a further sum of $500 for services rendered by his firm, notwithstanding the fact, as alleged, that the said services had been fully paid for by the payment of the aforesaid sum of $500, previously paid to Mr. Marron by the defendant. It is asserted that the attempt to collect from his client the additional sum of $500 constituted unfaithful and unconscionable conduct towards his said client, and this is the essential feature of the charge under consideration.

The client in this case referred to, Mrs. Anna Machette Edgar, was not produced as a witness. The deposition of William Edgar was taken and introduced in evidence, but throws no light upon the essential element of the charge in question. The respondent Owen N. Marron as a witness fully covered the situation, explaining that he had informed his client that he would expect her to pay the difference between the amount recovered from the defendant William Edgar and a fee of $1,000 which he considered his firm entitled to in view of the large property interests involved in this particular litigation. His testimony in this respect is not in any essential particular contradicted by the other evidence introduced before us, and we therefore conclude and find that this charge has not been supported by the evidence, which condition is admitted to be the fact by the Attorney General, for which reason the charge is dismissed.

[6] The sixth specification of the charges against the respondents has to do with the same divorce action of Edgar v. Edgar, in the district court of Bernalillo county, and particularly refers to alleged misconduct on the part of the respondent Owen N. Marron in demanding and securing from the said William Edgar a fee in the sum of

$500, by threatening and intimidating the said William Edgar and stating to him in substance that in the event the said sum was not paid to the said Owen N. Marron, criminal proceedings would be taken against the said Edgar which would tend to bring him in disrepute among the citizens of Albuquerque; the essential element of this charge, therefore, being that the fee in question was extorted by threats or intimidation.

The facts upon which the charge is based are testified to by Thomas N. Wilkerson, attorney for the defendant, and contradicted in all essentials by the testimony of the respondent Owen N. Marron. The deposition of William Edgar, introduced in evidence in this case, does not support the evidence of Mr. Wilkerson in the matter of threats or intimidation, but tends to support the testimony of the respondent Owen N. Marron, for which reason it would seem clearly apparent that the charge is not supported by the evidence introduced with that clearness and certainty which should be required, and we therefore must find the respondent Owen N. Marron not guilty of the charge in question, which is therefore dismissed.

The seventh charge as incorporated in the specification of charges against the respondents is that some time in the month of July, 1910, the said Owen N. Marron and Francis E. Wood accepted employment from one Petra G. Garcia of the city of Albuquerque, N. M., in connection with the administration of the estate of one Elias G. Garcia, deceased, the son of the said Petra G. Garcia, and that in the course of said employment and during the continuance of their relations as attorneys and client, the said Marron and Wood were informed of the existence of a possible claim against the said estate of Elias G. Garcia, on the part of a woman then residing in Salt Lake City, Utah, which information it is alleged was divulged to the attorneys in question for the purpose of enabling them to meet such claim should the same subsequently arise; that thereafter the employment of the said Marron & Wood was terminated by the said Petra G. Garcia, subsequent to which it is alleged that the said Owen N. Marron, on behalf of the firm of Marron & Wood, wrote a

letter to an attorney in Salt Lake City, Utah, requesting him to put in a Salt Lake City paper an advertisement asking Mrs. Elias Garcia, the alleged common-law wife of said Elias Garcia, deceased, to call at the office of the said attorney who had something of importance to communicate to her; that as result of such advertisement the woman in question appeared at the attorney's office in Salt Lake City, and subsequently employed the said Marron & Wood to bring a suit in behalf of her child, which was alleged to be the child of said Elias G. Garcia.

The gist of this charge is that the said firm of Marron & Wood, on information imparted to them in connection with their employment by said Petra G. Garcia, failed to maintain inviolate the confidence and preserve the secrets of their client and by their conduct in stirring up litigation, soliciting and accepting employment in the manner aforesaid, violated their duties as attorneys at law and members of the bar of this court.

[7]   The eighth specification of the charges against the respondents deals with the same case as the specification last referred to, and particularly charges the two respondents with wrongfully attempting to place the federal district court before the public in the attitude of receding from a position previously taken by that court in said cause, concerning alleged acts of the said Owen N. Marron and Francis E. Wood in connection with certain letters which had been introduced in evidence in the federal court and which were subsequently alleged to be altered or fabricated documents. The plaintiff and her attorneys had contended in the trial of the case in the federal court that such letters were written by one Elias G. Garcia, and the court held in effect that said letters were spurious. The said attorneys subsequently presented to the federal court a motion in which references were made to the effect that the opinion of the court referred to had been understood by the public and members of the bar as imputing to the firm of Marron & Wood responsibility for such altered or fabricated exhibits, or that they were in some manner privy to the alteration or fabrication thereof, and the court was asked to state more fully

the facts found in this particular and pertaining to the exhibits in question. The federal court thereupon did so and made a further finding, disclaiming an intention to impute improper conduct to the attorneys, Marron & Wood. A copy of this opinion or finding of the federal court was subsequently published in the Albuquerque Evening Herald at the instance of the said Owen N. Marron with headlines and comments alleged to have been submitted to the said Owen N. Marron prior to publication, and by him approved. The substance and effect of the finding, as alleged by the charge numbered 8, did not justify the headlines and comment as the same appeared in the publication in question, which it is alleged was well known to the said Owen N. Marron at the time he gave his approval to said headlines and comment, and that the act and conduct of the said Owen N. Marron in this particular was done with an intent to deceive and mislead the public into believing that the court had exonerated him and the said Francis E. Wood in connection with all of the acts of alleged improper conduct ascribed to the said respondents in connection with the trial of the case in the federal court, the main ground of this charge being more briefly stated as an attempt on the part of the said Owen N. Marron to betray the trust and confidence of the federal district judge and wrongfully attempt to place the said judge before the public in the attitude of receding from the position previously taken in a former opinion in said cause, concerning the acts of the said Owen N. Marron and Francis E. Wood.

The evidence in support of this latter charge, in connection with the Garcia Case, does not disclose that the comments or headlines of the article in question, as published in the Elbuquerque Evening Herald, were shown or exhibited to the said Owen N. Marron and by him approved. The body of the article unquestionable was shown to him and by him read and approved, but the evidence fails in the essential particular that it does not bring home to him, the said Owen N. Marron, a knowledge of the objectionable matter contained in the heading of the article or the comments pertaining thereto

which appeared as a portion of said heading. The failure of the evidence in this respect does away with charge No. 8 in connection with the publication referred to in the charge.

[3]  The Garcia Case resulted in proceedings for disbarment instituted in the federal court for the district of New Mexico, upon a number of grounds, and this proceeding resulted in a finding by the judge of the federal district court sustaining the charges upon three of the grounds and dismissing upon a fourth, the findings of the court being as follows:

"1. As to charge 1 the court finds the respondents and each of them guilty. It is clear that the firm of Marron & Wood were, as alleged, employed by Mrs. Petra G. Garcia in July, 1910, and within a few days after the death of Elias Garcia. This conclusion is reached solely upon what has emanated from the respondents, and without taking into consideration anything on this point proceeding from other sources. The answer of the respondents to the present proceeding in effect admits this employment. The complaint in a suit for fees filed in the district court of Bernalillo county October 18, 1910, by the firm of Marron & Wood against Petra G. Garcia alleges services. The testimony of respondent Wood in that case, introduced in evidence here, is unqualifiedly to the same effect, and the testimony of the same respondent before the court in the present case shows this relationship between the firm and Mrs. Garcia. The claim by respondent Wood that the above-mentioned suit of Marron & Wood v. Petra G. Garcia, although in form one for fees, was intended in reality as a slander suit against Mrs. Garcia, falls far short of mitigating the situation, especially in view of the fact that the complaint is verified as a suit for fees by respondent Wood. With this relationship of attorney and client existing between respondents and Mrs. Petra G. Garcia, in July, 1910, respondents received as a result of such employment and in the course of consultation thereunder certain information to the effect that a woman living in Salt Lake City, and claiming to be the wife of Elias Garcia, was likely to make a claim jeopardizing the whole estate. The representations of Mrs. Garcia by Marron and Wood terminated about August 1, 1910, but the confidential information which they possessed as a result of the brief employment, and especially upon the point above named, still necessarily remained with them. On August 10, 1910, the possession of this information led to their advertising in a newspaper at Salt Lake City, the place that had been named to them as the residence of this claimant, in which advertisement there was an invitation for 'Mrs. Elias Garcia, the wife of Elias Garcia of Albuquerque, New Mexico, to call.'

A person claiming to be within the description responded to the advertisement, and contracts were entered into by respondents to represent her and her infant child. This was followed by litigation on behalf of that child in the above-named case, No. 202. Thus it came about that confidential information received by respondents during one employment was used by them to secure a client adverse to that employment. This was clearly unethical. Information so received is sacred to the employment to which it pertains, and to permit it to be used in the interest of another, or, worse still, in the interest of the adverse party, is to strike at the element of confidence which lies at the basis of, and affords the essential security in the relation of attorney and client. Respondents seek to meet this view of the matter upon the ground, first, that they in 1912, and before the bringing of the case No. 202, asked the opinion of the attorney who had succeeded them in representing the Garcia estate in the probate court, as to whether that attorney thought it ethically permissible to bring the suit, and that such attorney stated he had no objection to the bringing of the suit by Marron & Wood, but that the matter of ethics was for them to decide for themselves. But such an incident lacks value as an excuse. The utmost that is claimed is that the attorney said he had no objection. But even had there been an express consent, the power of an attorney employed by an estate for a restricted purpose did not include an agreement that a suit in another court might be brought against the estate. In addition, the conversation did not pretend to be an expression upon ethics, but that the matter was in terms remitted to the place where it belonged, to wit, the consciences of the respondents. As an evidence of good faith the incident likewise lacks importance for the reason that the gist of the present charge is not the bringing of the suit in 1912, but that respondents showed lack of professional integrity in using confidential information received in July, 1910, as a guide by which to seek for and locate a client in August, 1910. What may have been done in 1912 is a matter far subsequent to the relevant issue which arose in 1910. Equally unavailing is the further defense made by respondents that as the Garcias never objected to respondents appearing in case No. 202 during the progress of that litigation in 1912-1914, they are to be deemed to have waived any objection thereto. But the question here is not one of the rights of the Garcias, but as to whether respondents have adhered to proper professional standards. The silence of the Garcias while being made the victims of unprofessional conduct by members of the bar, cannot mitigate the law's prohibition upon such conduct, and cannot avail to render the respondents immune from the consequences of such misconduct.

"It is accordingly found as to the first charge that the respondents, Owen N. Marron and Francis E. Wood, and each of them, is guilty as charged, and that the conduct of each in the respect charged was contrary to the ethics of the profession of the law.

"2. Charge 2 concerns itself not with the manner in which respondents obtained the information as to the existence at Salt Lake City of a claimant against the Elias Garcia estate, but with the accusation that respondents having such information, however acquired, used it as a basis upon which to advertise for a client, and thus to stir up a protractive and extensive litigation against the Elias Garcia estate. The facts of this solicitation for business are not denied. That the conduct of respondents in this respect was unethical was frankly admitted on the stand in the present trial by the respondent Wood. The Code of Ethics of the American Bar Association and of the Bar Association of New Mexico is each to the same effect. Such conduct is equally denounced by the common law.

"Respondents are accordingly found guilty under charge 2.
"3. A careful consideration of charge 3, which, it will be noted, is against the respondent Marron alone, leads to the belief in its truth. An additional finding made upon respondents' request on August 6, 1915, in the case of Garcia v. Garcia, No. 202, upon the single question of whether Marron & Wood had been connected with the fabrication of four exhibits in the Garcia case,, and leaving undisturbed and untouched the expressions of the court as to the conduct of respondents upon all other features of the case, was within a day or two after the making of the findings represented to the public by a number of newspapers, including the Albuquerque Evening Herald, as exonerating the firm of Marron & Wood 'from all suspicion of wrongdoing in connection with the famous case of Garcia v. Garcia.' Of this intended misstatement of the court's action respondent Marron had knowledge before the publication, and in it he acquiesced. The conclusion is inevitable that he was more desirous of vindication, however unwarranted, in the public mind than that the action of the court should be correctly reported. This was to overlook the fact that as an officer of the court the duty rests upon an attorney to guard the court against misrepresentations before the public. That respondent Marron did not do this constitutes a failure in a professional duty, and he is found guilty.

"4. The prosecuting committee are unanimous in the position, and have so stated in open court, that the fourth charge accusing respondents of complicity in the fabrications of Exhibits 144b, 145, 146b, and 147, used in the case of Garcia v. Garcia, No. 202, and of using such letters knowing them to be spurious, should be dismissed. Upon a careful review of the extended testimony taken upon this trial, as to this issue, the court concurs in the view of the committee, and holds that this charge is not sustained by the proofs. In view of the additional proofs presented upon the present trial, the court reiterates as its conclusion the finding made on August 6, 1915, as follows: 'The court finds no evidence in the case justifying the belief that Owen N. Marron and Francis E. Wood, or either of them, were either parties or

privies to the fabrication of said letters.   Indeed the evidence found in the record upon this issue is to the contrary.' "

The record of the proceedings in the federal district court has been introduced in evidence before us in this case upon the theory that that record constitutes a prima facie case against the respondents.   We agree with the contention, and while we have examined the evidence, offered by respondents in an attempt to justify their alleged acts of misconduct in connection with the Garcia Case, we are not disposed to agree with them that that evidence explained away the consequences of their alleged acts.   It would not serve any useful purpose to discuss the facts further than they have been referred to in this opinion, and believing that the conduct of respondents in connection with this case is such as to deserve punishment, we find that the respondents and each of them should be suspended from further practice as attorneys at law in this and the district courts of the state of New Mexico for a period of one year from the date of this opinion, the suspension in this connection, so far as it applies to the respondent Francis E. Wood, to run concurrently with the suspension ordered in the Meyers Case as previously referred to in this opinion.

The ninth specification of the charges against Owen N. Marron and Francis E. Wood has been dismissed by the Attorney General and required no consideration at our hands.

Wherefore, it is ordered and adjudged that respondents, Owen N. Marron and Francis E. Wood, and each of them, be suspended from practice in the courts of the state of New Mexico for a period of one year; and it is so ordered.

PARKER, J., and NEBLETT, District Judge, concur.